IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY LINDELL BURNS, JR., | No. 4:23-CV-01158 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| SUPERINTENDENT HAINSWORTH, | |
| Respondent. | |

MEMORANDUM OPINION

AUGUST 6, 2024

Petitioner Gregory Lindell Burns, Jr., initiated this action by filing a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Only one of the claims Burns raises in his petition is cognizable on federal habeas review, and that claim is meritless. The Court, therefore, will deny his Section 2254 petition.

I. BACKGROUND AND PROCEDURAL HISTORY

In June 2017, Burns was arrested following a traffic stop and the subsequent search of his vehicle, wherein police officers found—among other things—$6,700 in cash and methamphetamine.[1] Burns was charged with various controlled substance offenses, including felony possession with intent to distribute methamphetamine.[2] Prior to his trial, he filed an omnibus suppression motion

---

1   *See Commonwealth v. Burns*, No. 1270 MDA 2021, 2022 WL 1320375, at *1-2 (Pa. Super. Ct. May 3, 2022) (nonprecedential).
2   *Id.*, at *2.

challenging the legality of the vehicle stop, his detention following the stop, and the search of his vehicle.³ The trial court denied that omnibus suppression motion and, following trial, a jury convicted Burns of most of the charged controlled-substance offenses.⁴ In July 2018, he was sentenced to an aggregate term of 5 to 20 years' imprisonment.⁵

Burns appealed, but the Superior Court of Pennsylvania affirmed his judgment of conviction.⁶ He did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.⁷

Burns then filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act (PCRA)⁸ in March 2020.⁹ The court appointed counsel, who filed an amended PCRA petition.¹⁰ After holding an evidentiary hearing on Burns' claims, the PCRA court denied his PCRA petition on September 29, 2021.¹¹ Burns again appealed, but the Superior Court denied that appeal as well.¹² He then filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was

---

3    *Id.*, at *1.
4    *Id.*, at *2.
5    See *Commonwealth v. Burns*, No. 2093 MDA 2018, 2019 WL 5595841, at *1 (Pa. Super. Ct. Oct. 30, 2019) (nonprecedential).
6    *Id.*, at *1, *5.
7    See *Burns*, No. 1270 MDA 2021, 2022 WL 1320375, at *2.
8    42 PA. CONS. STAT. § 9541 *et seq.*
9    See *Burns*, No. 1270 MDA 2021, 2022 WL 1320375, at *2.
10   See id.
11   See id.
12   See *id.*, at *1, *10.

likewise denied.[13]

Burns timely filed his Section 2254 petition in this Court in July 2023.[14] The Court issued its standard *Mason v. Myers*[15] notice to Burns, informing him that he must raise all claims for relief in his Section 2254 petition and giving him the option to withdraw his petition and file an all-inclusive amended petition.[16] Burns opted to withdraw his initial habeas petition[17] and timely filed an amended, all-inclusive petition.[18] After several extensions of time, Respondent filed a response to Burns' amended petition.[19] Burns did not file a traverse and the time in which to do so has passed, so his amended Section 2254 petition is ripe for disposition.

**II.   STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[20] mandates that petitioners demonstrate that they have "exhausted the remedies available in the courts of the State" before seeking federal habeas relief.[21] An exhausted claim is one that has been "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process,"

---

[13] *Commonwealth v. Burns*, No. 375 MAL 2022, 292 A.3d 550 (Pa. Feb. 7, 2023) (table).
[14] Doc. 1.
[15] 208 F.3d 414 (3d Cir. 2000).
[16] Doc. 4.
[17] *See* Doc. 5.
[18] Doc. 6.
[19] Doc. 17.
[20] 28 U.S.C. §§ 2241-2254.
[21] *Id.* § 2254(b)(1)(A).

and which has been adjudicated on the merits.[22]

If a state prisoner has not fairly presented a claim to the state courts "but state law clearly forecloses review, exhaustion is excused, but the doctrine of procedural default may come into play."[23]  Generally, if a prisoner has procedurally defaulted on a claim by failing to raise it in state-court proceedings, a federal habeas court will not review the merits of the claim, even one that implicates constitutional concerns.[24]

A few limited exceptions to this rule exist.  One exception is that "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law."[25]  "Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule."[26]  To establish prejudice, a petitioner must show not merely that there were errors that created a possibility of prejudice, but that they "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of

---

[22] *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)); *see also Johnson v. Williams*, 568 U.S. 289, 302 (2013).
[23] *Carpenter*, 296 F.3d at 146 (citations omitted).
[24] *Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 747-48 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 84-85 (1977)).
[25] *Id.* at 10 (citing *Coleman*, 501 U.S. at 750).
[26] *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (alterations in original) (citations and internal quotation marks omitted).

constitutional dimensions."[27] If cause and prejudice are established, the federal court reviews the claim *de novo* "because the state court did not consider the claim on the merits."[28]

Another rare exception that will excuse a procedural default is if the petitioner can show that "failure to consider the claim will result in a fundamental 'miscarriage of justice.'"[29] To satisfy the "fundamental miscarriage of justice" exception, a petitioner typically will have to show actual innocence.[30]

## III. DISCUSSION

Burns asserts five grounds for relief in his Section 2254 petition: (1) an alleged Fourth Amendment violation with respect to the vehicle stop; (2) an alleged Fourth Amendment violation with respect to the search of his vehicle based on the odor of marijuana; (3) an alleged Fourth Amendment violation for searching the vehicle without securing a warrant; (4) ineffective assistance of direct appeal counsel for failing to file a petition for allowance of appeal with the Pennsylvania Supreme Court; and (5) ineffective assistance of post-conviction counsel for failing to procure evidence of appellate counsel's alleged ineffective assistance for failing to file a petition for allowance of appeal.[31] Of these five claims, only Burns' fourth

---

[27] *Holland v. Horn*, 519 F.3d 107, 112 (3d Cir. 2008) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).
[28] *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 236 (3d Cir. 2017), *cert. denied sub nom. Gilmore v. Bey*, 138 S. Ct. 740 (2018) (mem.) (citation omitted).
[29] *Carpenter*, 296 F.3d at 146 (quoting *Coleman*, 501 U.S. at 750).
[30] *Leyva v. Williams*, 504 F.3d 357, 366 (3d Cir. 2007) (citation omitted).
[31] Doc. 6 at 6, 8, 9, 11, 13.

ground for relief is cognizable on federal habeas review.

### A.      Fourth Amendment Claims

Burns' first three grounds for relief allege Fourth Amendment violations during the traffic stop and the warrantless search of his vehicle. However, it is well settled that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."[32] Even "[a]n erroneous or summary resolution" of a Fourth Amendment claim by the state court "does not overcome the bar" provided by *Stone v. Powell*.[33]

Burns has not offered any reason why *Stone*'s holding does not apply to his case. For example, he has not shown that there was some "structural defect" in the state criminal process that prevented him from raising his Fourth Amendment challenges before trial.[34] Quite the contrary: Burns, through counsel, asserted these Fourth Amendment claims in a pretrial omnibus suppression motion. Nor has Burns established that the state court failed to properly apply United States Supreme Court precedent to his Fourth Amendment claims.[35] Thus, because Burns

---

[32]   *Stone v. Powell*, 428 U.S. 465, 494 (1976); *see also Wallace v. Kato*, 549 U.S. 384, 395 n.5 (2007).
[33]   *Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002).
[34]   *See Marshall*, 307 F.3d at 81-82; *Boyd v. Mintz*, 631 F.2d 247, 250-51 (3d Cir. 1980).
[35]   *See Herrera v. Lemaster*, 225 F.3d 1176, 1178 (10th Cir. 2000); *United States ex rel. Bostick v. Peters*, 3 F.3d 1023, 1027 (7th Cir. 1993).

had an opportunity to fully and fairly litigate his Fourth Amendment claims in state court, this Court is barred from considering them on federal habeas review.[36]

## B.     Ineffective Assistance of Direct Appeal Counsel

In ground four, Burns appears to raise a claim of ineffective assistance of direct appeal counsel.  Although he describes this claim as "[d]enial of right to file a Petition for Allowanc[e] of Appeal to the Supreme Court of Pennsyl[]vania," he elaborates that he is claiming that his appellate counsel failed to timely inform him that the Superior Court had denied his direct appeal.[37]  This ineffective-assistance claim was properly exhausted in state court.[38]

A collateral attack based on ineffective assistance of counsel is governed by the familiar two-pronged test set forth in *Strickland v. Washington*.[39]  To prevail on such a claim, a defendant must demonstrate that (1) counsel's representation fell below an objective level of reasonableness based on prevailing professional norms, and (2) the deficient representation was prejudicial.[40]  The defendant bears the burden of proving both prongs.[41]

---

[36]  *Stone*, 428 U.S. at 494.
[37]  Doc. 6 at 11.
[38]  *See Burns*, No. 1270 MDA 2021, 2022 WL 1320375, at *5.  In state court, Burns framed this Sixth Amendment claim more broadly by alleging that direct appeal counsel had failed to consult with him regarding filing a petition for allowance of appeal with the Pennsylvania Supreme Court.  *See id.*, at *3, *5.  The Court will liberally construe Burns' fourth ground for relief as asserting this more comprehensive ineffectiveness claim that was exhausted in state court.
[39]  466 U.S. 668 (1984).
[40]  *Strickland*, 466 U.S. at 687-88.
[41]  *See id.* at 687.

In determining whether counsel has satisfied the objective standard of reasonableness under the first prong, courts must be highly deferential toward counsel's conduct.[42] There is a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance.[43] Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance."[44]

To satisfy the prejudice prong, the defendant must establish a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different.[45] The court need not conduct its analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant makes an insufficient showing on one.[46]

When a claim of ineffective assistance of counsel has been exhausted in state court, review of that claim by a federal habeas court is significantly circumscribed. The federal court does not review the ineffectiveness claim *de novo*; rather, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable."[47] Under this "doubly" deferential standard, "so long as fairminded jurists could disagree on the correctness of the

---

[42]  *Id.* at 689.
[43]  *See United States v. Gray*, 878 F.2d 702, 710 (3d Cir. 1989).
[44]  *Id.* at 711 (citing *Strickland*, 466 U.S. at 689-90).
[45]  *Strickland*, 466 U.S. at 694.
[46]  *See id.* at 697; *United States v. Lilly*, 536 F.3d 190, 196 (3d Cir. 2008).
[47]  *Harrington*, 562 U.S. at 101 (emphasis added); *Collins v. Sec'y Pa. Dep't of Corr.*, 742 F.3d 528, 546-47 (3d Cir. 2014).

state court's decision," a state court's determination that a *Strickland* claim lacks merit precludes federal habeas relief.[48]

The Pennsylvania Superior Court considered and denied Burns' ineffective-assistance claim on the merits.[49] The panel first recognized that attorneys have a constitutional duty (under federal and state law) to consult with their clients regarding direct appeal, and that this duty also extends—at least under state law—to whether to seek allowance of appeal with the Pennsylvania Supreme Court.[50] The Superior Court then reviewed the PCRA court's decision, noting that it provided two bases for denying this claim: (1) Burns had failed to establish that there were nonfrivolous issues to raise at the state's highest court "and/or" did not reasonably demonstrate to his attorney an interest in filing a petition for allowance of appeal; and (2) assuming, for the sake of argument, that a duty to consult existed, appellate counsel had satisfied this duty by discussing the advantages and disadvantages of appeal with Burns.[51]

The Superior Court explained that Burns' PCRA appeal relied solely on attempting to show that direct appeal counsel had failed to adequately consult with Burns and ignored the initial requirement (the first basis on which the PCRA court

---

[48] *Harrington*, 562 U.S. at 101, 105 (citation omitted).
[49] *See Burns*, No. 1270 MDA 2021, 2022 WL 1320375, at *5.
[50] *See id.* (citing *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), its Pennsylvania counterpart, *Commonwealth v. Touw*, 781 A.2d 1250 (Pa. Super. Ct. 2001), and *Commonwealth v. Bath*, 907 A.2d 619, 623-24 (Pa. Super. Ct. 2006)).
[51] *See id.*

denied the claim) that Burns demonstrate that there was a duty to consult in the first place.[52]  In other words, on PCRA appeal, Burns had not shown that there were nonfrivolous grounds for appeal or that he had demonstrated to his attorney that he was interested in seeking further appellate review.[53]

The Superior Court additionally noted that, during the PCRA hearing, Burns' counsel testified that he did not believe there were any nonfrivolous grounds for filing a petition for allowance of appeal.[54]  Counsel also testified that he had mailed a copy of the Superior Court's direct appeal decision to Burns, informed him of the right to file a petition for allowance of appeal with the Supreme Court, and told Burns he would seek further review if Burns desired.[55]  Counsel averred that Burns never responded to this letter or otherwise expressed an interest in filing a petition for allowance of appeal.[56]  The PCRA court found counsel's testimony to be credible, a finding by which the Superior Court was "bound" on PCRA appeal.[57]  The panel thus concluded that Burns was "not entitled to relief" on this claim.[58]

---

[52] *Id.*
[53] *Id.*
[54] *Id.*, at *5 n.6.
[55] *Id.*
[56] *Id.*
[57] *Id.*
[58] *Id.*, at *5.  At the conclusion of its analysis, the Superior Court cites *Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016), for the proposition that "[c]ounsel cannot be deemed ineffective for failing to raise a meritless claim."  *See id.*  This citation and proposition are misplaced.  Burns did not argue that his appellate counsel had failed to raise a particular claim on appeal.  Rather, the issue was whether Burns' counsel's performance had fallen below an

10

Burns provides no argument or legal authority that would demonstrate how the Superior Court's determination on this claim was an unreasonable application of *Strickland*. The Superior Court essentially concluded that Burns' appellate counsel had performed in an objectively proficient manner with respect to the process regarding the petition for allowance of appeal. This conclusion was a reasonable application of *Strickland*'s first prong, and thus there was no need to discuss prejudice. In particular, the Superior Court appropriately relied on the factual findings of the PCRA court to determine that Burns' counsel credibly believed that there were no nonfrivolous issues for further appeal and that Burns had failed to express an interest in filing a petition for allowance of appeal. Thus, appellate counsel's performance was not objectively unreasonable. Ground four, consequently, warrants no federal habeas relief.

In his Section 2254 petition, Burns appears to argue that he never received the correspondence from his appellate counsel regarding denial of his direct appeal by the Superior Court and the option to petition the Supreme Court for allowance of appeal.[59] He claims that he subsequently discovered supporting evidence from the Pennsylvania Department of Corrections (DOC) around January 20, 2022, verifying that he did not receive any legal mail between October 30, 2019, and

---

objective level of reasonableness by (allegedly) failing to consult with Burns about filing a petition for allowance of appeal.

[59] *See* Doc. 1 at 13.

11

December 16, 2019 (the approximate time for filing a petition for allowance of appeal).[60] Burns maintains that his PCRA counsel was ineffective for failing to uncover and proffer this evidence during the June 2021 PCRA hearing. This argument, which asserts ineffective assistance of *PCRA counsel* (rather than direct appeal counsel), is addressed below, as it is Burns' fifth ground for relief.

### C. Ineffective Assistance of PCRA Counsel

As noted, Burns alleges that his PCRA counsel was constitutionally deficient for failing to procure evidence from the DOC that would have supported his ineffectiveness claim against direct appeal counsel regarding that attorney's failure to file a petition for allowance of appeal (or at least consult with Burns about filing said petition). Burns did not raise or exhaust this claim in state court,[61] nor does he discuss, much less establish, cause or prejudice to excuse his procedural default of it. It is thus unreviewable by this Court.[62]

---

[60] *See id.*; Doc. 1-1 at 7 ¶¶ 8-9. Although Burns asserts that he received this new evidence from the DOC on "January 20, 2021," (Doc. 1-1 at 7 ¶ 9), this date appears to be a scrivener's error, as his other supporting documents clearly indicate that the final response from the DOC was received on January 20, <u>2022</u>, (*see* Doc. 1-1 at 21).

[61] *See* Doc. 1 at 13 (indicating that he did not raise this claim in state post-conviction proceedings). The Court further observes that, during PCRA appeal—one of the times this PCRA ineffective-assistance claim could have been raised, *see Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021) ("[W]e hold that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal.")—Burns was acting *pro se*. *See, e.g.*, Doc. 17-9 at 2. He thus has no one but himself to blame for failing to assert this post-conviction claim in state court, either as part of his PCRA appeal or in a subsequent PCRA petition.

[62] *See Martinez*, 566 U.S. at 9.

More fundamentally, a claim of ineffective assistance of state post-conviction counsel is not cognizable on federal habeas review. It is firmly established that there is no federal constitutional right to counsel in state post-conviction proceedings,[63] and thus there is no corresponding Sixth Amendment right to effective assistance of state post-conviction counsel.[64] [65] So even if Burns had properly exhausted this claim in state court and it had been denied on the merits, he could not raise it in a Section 2254 petition.[66]

## IV.  CONCLUSION

For the foregoing reasons, the Court will deny Burns' petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court likewise declines to issue a certificate of appealability, as Burns has failed to make a substantial showing of the denial of a constitutional right,[67] or that "jurists of reason would find it

---

[63] *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).
[64] *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citing *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982)).
[65] The Court notes that—contrary to federal law—Pennsylvania provides for the right to counsel in initial post-conviction proceedings, *see* PA. R. CRIM. P. 904(C), and thus requires effective assistance of post-conviction counsel, *see Commonwealth v. Albrecht*, 720 A.2d 693, 699-700 (Pa. 1998).
[66] *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." (citations omitted)).
[67] 28 U.S.C. § 2253(c)(2).

debatable" whether this Court's procedural rulings are correct.[68]  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[68]   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).